# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RYAN EHA, | Case No. 1:15-cv-01112-BAM-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| STATE OF CALIFORNIA, | |
| Defendant. | (ECF No.1 ) |
| | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's complaint, filed July 2, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Institute For Men at Chino.  Plaintiff brings this action against the State of California.

Plaintiff's complaint consists of a three page complaint filed an a form for a personal injury action in state court.  Plaintiff appears to be alleging that while he was housed at North Kern State Prison, the conditions of his confinement violated the Eighth Amendment.  Specifically, Plaintiff alleges that the inmates were served beans that included maggots.

//

//

## III.

## DISCUSSION

The Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C.§ 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to identify any individual defendant, or charge any individual with conduct that constitutes a violation of Plaintiff's rights. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

As to Plaintiff's claim of unconstitutional conditions of confinement, Plaintiff is advised that to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregarded that risk by

1  failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).
2  Plaintiff's allegation that there were maggots in his food is insufficient to state a claim for relief.
3  Plaintiff must allege facts indicating that an individual defendant knew of an objectively serious
4  condition and acted with deliberate indifference to that condition, resulting in injury to Plaintiff.
5  He has not done so here.  The conditions of confinement claim should therefore be dismissed.
6  Plaintiff will, however, be granted leave to file an amended complaint.

7        The only Defendant in this action is the State of California.  "The Eleventh Amendment
8  prohibits federal courts from hearing suits brought against an unconsenting state. Though it
9  language might suggest otherwise, the Eleventh Amendment has long been construed to extend
10 to suits brought against a state by both its own citizens, as well as by citizens of other states."
11 Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also
12 Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer
13 Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys.,
14 939 F.2d 676, 677 (9th Cir. 1991).  The State of California, the sole defendant in this action,
15 should therefore be dismissed.

## IV.

## CONCLUSION AND ORDER

18       For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
19 be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll
20 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this
21 suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,
22 607 (7th Cir. 2007)(no "buckshot" complaints).

23       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
24 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
25 Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the
26 duties and responsibilities of each individual defendant whose acts or omissions are alleged to
27 have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
28 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 2, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 20, 2015**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE