# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RYAN EHA,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA,<br><br>            Defendant. | Case No.  1:15-cv-01112-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO<br>28 U.S.C.§ 1915(g). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's December 8, 2015, first amended complaint, filed in response to the November 23, 2015, order dismissing the original complaint and granting Plaintiff leave file an amended complaint.

**I.**

**PROCEDURAL HISTORY**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Institute For Men at Chino.  Plaintiff brings this action against an unidentified appeals coordinator at the Twin Towers Correctional Facility in Los Angeles, and unidentified food manager at North Kern State Prison, and an unidentified Appeals

Coordinator at North Kern State Prison.

In the order dismissing the original complaint, the Court noted that Plaintiff's complaint consisted of a three page complaint filed on a form for a personal injury action in state court. Plaintiff appeared to allege that while he was housed at North Kern State Prison, the conditions of his confinement violated the Eighth Amendment. Specifically, Plaintiff alleged that the inmates were served beans that included maggots.

Plaintiff was advised that the statute under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C.§ 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his original complaint, Plaintiff failed to identify any individual defendant, or charge any individual with conduct that constituted a violation of Plaintiff's rights. Plaintiff was told that in order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff was directed to state clearly, in his or her own words, what happened. Plaintiff was told to describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff was also advised that as to his claim of unconstitutional conditions of confinement, in order to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the

1  'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
2  deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.
3  2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)).  In order
4  to find a prison official liable under the Eighth Amendment for denying humane conditions of
5  confinement within a prison, the official must know "that inmates face a substantial risk of
6  serious harm and disregarded that risk by failing to take reasonable measures to abate it."
7  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Plaintiff's allegations that there were maggots in
8  his food were insufficient to state a claim for relief.  Plaintiff was told that he must allege facts
9  indicating that an individual defendant knew of an objectively serious condition and acted with
10 deliberate indifference to that condition, resulting in injury to Plaintiff.  He had not done so in
11 the complaint.  The conditions of confinement claim was therefore dismissed.

## II.

## DISCUSSION

14  In the first amended complaint, Plaintiff restates the allegations of the original complaint,
15 including the allegations at Twin Towers Correctional Facility in Los Angeles.  Plaintiff only
16 alleges generally that there were maggots in his food while he was housed at those facilities.
17 Plaintiff does not identify any individual defendants.  Plaintiff does not allege any facts
18 indicating that an identifiable individual knew of a specific, objectively serious harm to Plaintiff,
19 and act with deliberate indifference to that harm, or subject Plaintiff to conditions that
20 constituted cruel and unusual punishment, as that term was defined for Plaintiff in the November
21 23, 2015, order dismissing the original complaint.

## III.

## CONCLUSION AND ORDER

24  Plaintiff was previously notified of the applicable legal standards and the deficiencies in
25 his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely
26 identical to the original complaint.  Based upon the allegations in Plaintiff's original and first
27 amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts
28 that would support a claim for unconstitutional conditions of confinement in violation of the

3

1 Eighth Amendment, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d
2 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would
3 be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to
4 amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson,
5 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief could be granted; and
2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **February 16, 2016**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

4